IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

Vs.                                                      No. 06-40088-01-SAC

ZACARI D. SMOOVE,
a/k/a Zach Skinner,

           Defendant.

## MEMORANDUM AND ORDER

This case comes before the court on the pro se defendant's filing of a series of unusual pleadings seeking to rescind his signature from his plea agreement, to repent of his debts, to close his accounts, to reserve all rights against compulsory performance of "any admiralty/maritime contract of commercial agreement," to have a set-off and adjustment of all public charges pursuant to the Uniform Commercial Code § 3-419, and to have the court discharge him from prison upon an appearance bond. (Dk. 53). Because the court did not respond within the three-day period stated in the defendant's first pleading, the defendant has filed a "Notice of Dishonor" requesting the court's "payment or performance." (Dk. 54). The

defendant's most recent pleading seeks either three-day notice following the adjustment of his accounts as requested or certified copies of the following related to his case: fiduciary tax estimates, a complete assessment of facts on which the charges were brought, the Secretary of Treasury's order to collect the debt obligation, the audit trail of vouchers relating to the bond, the detainer authorizing defendant's incarceration, the court's oath of office, and the court bond. (Dk. 55). By the simple filing of some blanket demands upon the court, the defendant seeks to turn his plea agreement and conviction in a criminal case into a commercial agreement and civil judgment in a collection case and thereby assert his right to any and all equitable and statutory remedies available under commercial and civil law.

In this criminal case, the defendant pleaded guilty on May 29, 2007, to possession of a firearm during and in relation to a drug trafficking crime which was count three of a five-count indictment. (Dk. 48). In the plea agreement, the defendant "knowingly and voluntarily waive[d] any right to appeal or collateral attack any matter in connection with this prosecution, conviction and sentence." (Dk. 48, Plea Agrmt. p. 15). On September 11, 2007, the court sentenced the defendant to the mandatory

minimum term of imprisonment of sixty months. (Dk. 52). The defendant did not file a direct appeal from his conviction and has yet to file a motion for post-conviction relief pursuant to 28 U.S.C. § 2255.

       The precise and definite terms of his plea agreement, the limited post-conviction avenues for relief available to someone in the defendant's position, and the reality of his criminal conviction reduce the pro se defendant's pleadings to fanciful allegations bearing no connection or relevance to post-conviction proceedings. The commercial law concepts employed in the defendant's pleadings are for commercial transactions and affect civil litigation arising from them. These civil codes and concepts, however, have no direct applicability to criminal cases, particularly in the way being asserted by the defendant. *Cf. United States v. Hamill*, ---F.3d---, 2007 WL 4227254 at *1 (10th Cir. 2007). By their terms and arguments, the defendant's pleadings do not resemble any available post-conviction avenue for relief. Such pleadings simply are unrelated to this criminal case and have no bearing upon it. *Cf. Townsend v. McFadden*, 149 Fed. Appx. 899, 900 (11th Cir. 2005). The court summarily denies all relief sought in these pleadings.[1]

---

[1] Because the defendant's time for seeking relief under 28 U.S.C. § 2255 has not expired and he has yet to file an initial § 2255 motion, the

IT IS THEREFORE ORDERED that the defendant is denied all relief sought in his recently filed pleadings (Dks. 53, 54 and 55).

Dated this 14th of January, 2008, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

---

court will not make any effort to recharacterize the defendant's vague and inexplicable pleadings into a § 2255 proceeding.  *See United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002).

4