IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

Vs.                                                  No. 06-40088-01-SAC

ZACARI D. SMOOVE,
a/k/a Zach Skinner,

Defendant.

MEMORANDUM AND ORDER

In response to the court's memorandum and order filed January

14, 2008, (Dk. 56), the defendant has filed yet two more pleadings seeking

the same kind of relief on the same grounds as the pleadings summarily

denied in the earlier order.  The defendant has filed one pleading entitled

"Non-Negotiable Notice of Acceptance" in which the defendant states he

accepts the terms of the court's order of January 14, 2008, and then

demands as part of his acceptance that the court discharge him

immediately on an appearance bond, close accounts and release orders,

and set-off and adjust public charges in accordance with U.C.C. § 3-419.

(Dk. 57).  When the court did not respond within the three-day period

specified in the defendant's "non-negotiable notice," the defendant filed a

"Notice of Dishonor" indicating the defendant would be looking to the court

for payment or performance.  (Dk. 58).

In its prior order, the court explained that this is a criminal case

wherein the defendant stands convicted of possession of a firearm during

and in relation to a drug trafficking crime and was sentenced on September

11, 2007, to the mandatory minimum term of imprisonment of sixty months.

(Dk. 52).  The defendant did not file a direct appeal from his conviction and

has yet to file a motion for post-conviction relief pursuant to 28 U.S.C. §

2255.  The defendant's pending pleadings have no relevance to or bearing

upon the procedural and substantive matters of this case.  This is not a civil

case, and the assertion of equitable and statutory remedies available under

commercial and civil law here is meaningless.

This court held in its prior order:

> The precise and definite terms of his plea agreement, the
> limited post-conviction avenues for relief available to someone in the
> defendant's position, and the reality of his criminal conviction reduce
> the pro se defendant's pleadings to fanciful allegations bearing no
> connection or relevance to post-conviction proceedings.  The
> commercial law concepts employed in the defendant's pleadings are
> for commercial transactions and affect civil litigation arising from
> them.  These civil codes and concepts, however, have no direct
> applicability to criminal cases, particularly in the way being asserted
> by the defendant.  *Cf. United States v. Hamill*, ---F.3d---, 2007 WL

4227254 at *1 (10th Cir. 2007).  By their terms and arguments, the defendant's pleadings do not resemble any available post-conviction avenue for relief.  Such pleadings simply are unrelated to this criminal case and have no bearing upon it.  *Cf. Townsend v. McFadden*, 149 Fed. Appx. 899, 900 (11th Cir. 2005). The court summarily denies all relief sought in these pleadings.

(Dk. 56, p. 3) (footnote omitted).  The court considers this order to be its final ruling which regard to such meaningless and irrelevant filings.  The court's limited resources and time will no longer be wasted in dealing with such frivolous filings and requests.  "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances."  *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006).  The court will consider appropriate filing restrictions if the defendant persists in these frivolous efforts.

IT IS THEREFORE ORDERED that  the defendant is denied all relief sought in his recently filed pleadings (Dks. 57 and 58).

Dated this 7th day of March, 2008, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

3