IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

Vs.            Nos. 06-40088-01-SAC
                08-4039-SAC

ZACARI D. SMOOVE,
a/k/a Zach Skinner,

      Defendant.

MEMORANDUM AND ORDER

    This case comes before the court on the pro se defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (Dk. 60). The defendant pleaded guilty on May 29, 2007, to count three of a five-count indictment that charged him with possession of firearms during and in relation to a drug trafficking crime (possession with intent to distribute Ecstacy tablets). (Dk. 48). As part of the plea agreement, the defendant waived his right to appeal or bring a collateral attack on his conviction and sentence. (Dk. 48, Plea Agrmt. p. 15, ¶ 12). On September 11, 2007, the court sentenced the defendant to the mandatory minimum term of imprisonment of sixty months. (Dk. 52). The defendant did not file

a direct appeal from his conviction. The defendant filed several pleadings seeking relief under civil and commercial law, and the court summarily denied those pleadings as frivolous. (Dks. 56 and 59).

On March 6, 2008, the defendant filed his § 2255 motion that is the subject of this order. (Dk. 60). In response, the government has filed a motion to dismiss the defendant's § 2255 motion and to enforce the plea agreement. (Dk. 62). The government contends that the defendant knowingly and voluntarily waived his right to seek relief under § 2255 and that the defendant's pending motion does not fall within the exception of *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001), *cert. denied*, 534 U.S. 1085 (2002). In reply, the defendant filed a pleading captioned "Petition for Summary Judgment Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure" asking the court to enter an order of summary judgment because "no further controversy exists." (Dk. 63).

The government seeks to have the court enforce the following term of the plea agreement:

> **12.   Waiver of Appeal and Collateral Attack**. Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly

waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C. § 3582(c)(2).

(Dk. 48, Plea Agrmt. ¶ 12). Because the defendant's reply fails to address the merits of the government's motion to enforce, the court treats the government's motion as unopposed.

A court need not "hesitate to 'hold a defendant to the terms of a lawful plea agreement.'" *United States v. Sandoval*, 477 F.3d 1204, 1206 (10th Cir. 2007) (quoting *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998)). "[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d at 1183. Exceptions to the general rule include "where the agreement was involuntary or unknowing, where the court relied on an impermissible factor such as race, or where the agreement is otherwise unlawful." *Id.* at 1182-83. Moreover, "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective

3

assistance of counsel claims challenging the validity of the plea or the waiver." *Id.* at 1187.  All other ineffective assistance of counsel claims fall within the scope of a proper waiver.  *Id.* at 1187.  The Tenth Circuit has looked to the following factors in deciding the enforceability of such waivers:  (1) whether the issues in dispute come within the scope of the waiver; (2) whether the defendant knowingly and voluntarily waived his rights; and (3) whether enforcement of the waiver would result in a miscarriage of justice.  *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

Following basic contract principles for determining the scope of a waiver, a court will strictly construe the waiver and read any ambiguities against the government and in favor of the defendant.  *Hahn*, 359 F.3d at 1324-25.  The plea agreement here plainly and clearly states that the defendant "waives any right to . . . collaterally attack any matter in connection with this prosecution, conviction and sentence" and "also waives any right to challenge a sentence . . . in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255" unless it is a matter that may not be waived under *Cockerham*. (Dk. 48, p. 15, ¶ 12).  The court does not have before it any offered

interpretation to contradict the straightforward reading and application of this waiver here or to suggest any troubling ambiguity.  The plea agreement waiver plainly encompasses all collateral challenges, including any § 2255 motion, to the prosecution, conviction and sentence.

The defendant's § 2255 motion purportedly includes claims going to the effective assistance of his counsel in providing advice before the entry of his plea.  Specifically, the defendant asserts as grounds for relief that prior to his plea his counsel failed to disclose "the assessment of the said charges(s); as well as, whether or not the charge(s) were in fact bonded,"  (Dk. 60, p. 8); failed to disclose "the penalties of entering a guilty plea to the said criminal charge(s) without any disclosure from the . . . government as to the assessment for the said charge(s), and whether or not the charge(s) were in fact bonded," (Dk. 60, p. 9); failed to advise "that the said charge(s) were based solely upon presumptions and assumptions," and not on an assessment and bond, *id.*; and failed to advise "that without an assessment for the said charge(s), there can be no charge(s)," *id.*; and that the defendant "never knowingly, willingly, voluntarily, intentionally and intelligently waivered (sic) the right or defense to . . ., knowing the assessment for the said criminal charge(s); and

5

whether or not the charge(s) were in fact bonded" *id*.

"In the guilty plea context, to establish a claim for ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's error, the defendant would have insisted upon going to trial." *United States v. Sliva*, 430 F.3d 1096, 1099 (10th Cir. 2005) (citation omitted), *cert. denied*, 547 U.S. 1164 (2006).  Missing from the defendant's motion is any argument that the failure of his counsel to offer this advice was objectively unreasonable, that is, was not "within the wide range of competence demanded of attorneys in criminal cases," *United States v. Blackwell*, 127 F.3d 947, 955 (10th Cir. 1997) (quotations and citations omitted).  Nor does the defendant contend that he would not have entered a plea of guilty if his counsel had provided reasonable advice.  Instead, the defendant devotes his effort to arguing that "all crimes are commercial," (Dk. 60, Aff. ¶ 22), that there is no controversy or charge to resolve without an assessment and a bond, (Dk. 60, Aff. ¶¶ 29 and 30, and Exh. A), and that the judgment of conviction is accordingly void and the defendant is entitled to a discharge (Dk. 60, p. 14).  The defendant makes no effort to show how a reasonably competent attorney would have given this advice.

In short, the defendant uses the framework of arguing ineffective assistance of counsel as a pretext for raising his commercial law arguments that are plainly within the scope of the plea agreement's waiver. The substance of the defendant's arguments does not rest on what counsel said or did not say in the negotiations, the plea, or the waiver. *Cockerham*, 237 F.3d at 1187. What the defendant seeks as relief is for the court to recognize the merit of his underlying commercial law arguments and to vacate his conviction accordingly. Thus, the defendant's argued issues plainly fall within the scope of the plea agreement waiver and are not subject to the *Cockerham* exception.[1]

---

[1] Even assuming the defendant had genuinely argued the ineffectiveness of his counsel's advice in this regard, the defendant would not be entitled to any relief on such a claim. The defendant's motion lacks any plausible argument that a reasonable attorney would have offered such advice. The defendant relies on 27 C.F.R. § 72.11 which defines the term, "commercial crimes," as used in Part 72 which deals with the disposition of personal property seized by officers with the Bureau of Alcohol, Tobacco and Firearms. This term and its regulatory definition has no application to this case. Part 72 places no requirements upon the government in bringing criminal charges against the defendant in this case. As this court has said before, the commercial law concepts and civil law cited by the defendant have no applicability to this criminal case. (Dk. 56, p. 3); 2008 WL 145160 at *1; *See, e.g., United States v. Woodruff*, 2007 WL 2123735 at *1 (N.D. Cal. 2007) (Uniform Commercial Code "pertains to commercial transactions governed by state law and has no bearing on defendant's federal court sentence for a criminal act."); *United States v. Chester*, 2007 WL 951935 at *4 (Uniform Commercial Code "applies to civil, not criminal matters."). Counsel's failure to give advice on these inapplicable laws and unavailable

The defendant has the burden to demonstrate from the record that his waiver was not knowing and voluntary. *United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003). The defendant offers nothing in support of his burden and does not attempt to argue that his waiver was unknowing or involuntary. The plea agreement explicitly provides that the defendant "knowingly and voluntarily waives any right to . . . collaterally attack any matter in connection with this prosecution, conviction and sentence." (Dk. 48, Plea Agrmt. ¶ 12). At the change of plea hearing, the defendant averred in response to the court's inquiry that he was satisfied with his counsel's representation and that he had discussed with his counsel and understood he was waiving certain rights. After conducting a thorough inquiry, the court found the defendant's plea to have been made freely, voluntarily, knowingly, and understandingly. This factor favors enforcing the waiver.

The enforcement of a waiver provision results in a miscarriage of justice only when:

> 1) the district court relied on an impermissible factor such as race; 2) ineffective assistance of counsel in connection with the negotiation of

---

defenses is certainly not below the objective standard of reasonableness. *Cf. United States v. Hamill*, 252 Fed. Appx. 260, 262, 2007 WL 4227254 at *1 (10th Cir. 2007).

>the waiver renders the waiver invalid; 3) the sentence exceeds the statutory maximum; or 4) the waiver is otherwise unlawful.

*United States v. Maldonado*, 410 F.3d 1231, 1233 (10th Cir.) (internal quotation marks omitted), *cert. denied*, 546 U.S. 989 (2005). The burden rests with the defendant to prove a miscarriage of justice. *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004). The defendant does not assert any ground for finding a miscarriage of justice nor even advocates such a finding. The court is not alleged to have relied, and did not rely, upon the defendant's color, race, or other impermissible factor. The sentence here did not exceed the statutory maximum, and the waiver is not otherwise unlawful. Knowing of nothing to suggest a miscarriage of justice and finding that the claims genuinely argued in the defendant's § 2255 motion come within the scope of the defendant's knowing and voluntary waiver in the plea agreement,[2] the court enforces the defendant's waiver of his right to a collateral attack upon this prosecution, conviction and sentence.

IT IS THEREFORE ORDERED that the defendant's motion to

---

[2] Alternatively, if the defendant has genuinely challenged the effectiveness of his counsel's pre-plea advice, the court finds that the defendant has failed to show his counsel's advice fell below the standard of objective reasonableness.

9

vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Dk. 60) is dismissed and that the government's motion to dismiss the defendant's motion under 28 U.S.C. § 2255 and motion to enforce the plea agreement (Dk. 62) is granted.

Dated this 3rd day of June, 2008, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge